```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                      CORPUS CHRISTI DIVISION
```

| | |
|---|---|
| COACHMEN INDUSTRIES, INC., § | |
| Plaintiff, § | |
| vs. § | Civil Action No. C-05-264 |
| CHARLES WATSON and GULF § INSURANCE COMPANY, § | |
| Defendants. § | |

### ORDER DENYING MOTION TO REMAND

On this day came on to be considered Plaintiff's Motion to Remand. For the reasons discussed below, the Motion to Remand is DENIED and Defendant Charles Watson is DISMISSED without prejudice.

### I.  Background

Defendant Gulf Insurance Company ("Gulf Insurance") issued to Plaintiff Coachmen Industries, Inc. ("Coachmen") an umbrella excess liability policy, Policy No. CU0719253 ("the Policy"), which was in effect from May 1, 2001 to May 2, 2002. The Policy provides $10,000,000 in excess liability coverage over and above the $1,000,000 in primary coverage that Coachmen had previously purchased from CNA Insurance Company. An endorsement to the Policy requires Coachmen to give Gulf Insurance prompt written notice of lawsuits initiated against Coachmen.

Coachmen was named a party defendant in a lawsuit pending in the 79th Judicial District Court of Jim Wells County, Texas (Cause No. 03-03-41195). The plaintiffs in the Jim Wells County lawsuit,

Wayne Brashears and Norma Brashears ("the Brashears"), allegedly sustained injuries during a fire in Premont, Texas on January 1, 2002. The Brashears allege that a television manufactured by Shasta, a wholly-owned subsidiary of Coachmen, exploded, causing a fire that resulted in injuries to the Brashears. (This fire occurred in a travel-trailer manufactured by Coachmen and/or Shasta.)

On May 3, 2005, Coachmen filed the instant action in the 79th Judicial District Court of Jim Wells County, Texas. Coachmen seeks a declaratory judgment that it provided Gulf Insurance with timely and proper notice of claims made under the Policy. Coachmen specifically claims that it provided notice to Gulf Insurance through Coachmen's agent and attorney, Defendant Charles Watson.

On May 4, 2005, Gulf Insurance filed a lawsuit in federal court styled, <u>Gulf Insurance Company v. Coachmen Industries, Inc. d/b/a Shasta Industries</u>, C.A. No. H-05-1613 in the Houston Division of the Southern District of Texas ("the Houston lawsuit"). In the Houston lawsuit, Coachmen seeks a declaratory judgment that the Policy provides no coverage for Coachmen (doing business as Shasta Industries) in the Brashears' state court suit because Coachmen breached the terms, conditions and endorsements in the Policy. The Houston lawsuit is currently pending.

**II.   Gulf Insurance's Notice of Removal**

On May 26, 2005, Gulf Insurance removed the instant action (i.e., the declaratory judgment action instituted by Coachmen in Jim Wells County) to this Court, alleging diversity jurisdiction. Gulf Insurance alleged that complete diversity of citizenship exists because Coachmen is an Indiana corporation with its principal place of business in Indiana; Gulf Insurance is a Connecticut corporation with its principal place of business in Connecticut; and Watson resides in Texas.[1]  See 28 U.S.C. § 1332(a).

Gulf Insurance also alleges that the amount-in-controversy requirement is met--that is, that the matter in controversy exceeds $75,000.  See id.  As the party invoking federal jurisdiction, Gulf Insurance bears the burden of establishing the amount in controversy by a preponderance of the evidence.  See Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 910 (5th Cir. 2002) (citation omitted).  In considering whether Gulf Insurance has met this burden, the Court "must first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount."  Id.

"The amount in controversy, in an action for declaratory ... relief, is the value of the right to be protected or the extent of the injury to be prevented."  St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1252-53 (5th Cir. 1998) (citing Leininger

---

[1] As discussed infra, Gulf Insurance also argued in its Notice of Removal that Watson was improperly joined.

v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983)).  When the action involves a declaratory judgment regarding the coverage provided by an insurance policy, "the object of the litigation is the policy and the 'value of the right to be protected' is [insurer]'s potential liability under that policy."  Id. (citation omitted).  This rule has been restated by the Fifth Circuit as follows: "the jurisdictional amount in controversy is measured by the value of the underlying claim–-not the face amount of the policy."  Hartford Ins. Group, 293 F.3d at 911 (quotation omitted).

In this case, the jurisdictional amount in controversy is measured by the value of the Bashears' claim against Coachmen.  The Notice of Removal and Coachmen's Original Petition do not specify the extent of the injuries and burns suffered by the Bashears (and the Bashears' complaint against Coachmen has not been submitted to the Court).  However, Coachmen's Original Petition does allege that "[o]n May 2, 2005, CNA [Insurance Company] tendered its $1,000,000 in coverage to Defendant Gulf Insurance Company in [the Brashears' lawsuit]."  (Orig. Pet'n for Declaratory J. at 2.)  Hence, on the basis of this allegation, it is "facially apparent" from Coachmen's Original Petition that the Brashears' claim exceeds $75,000.

**III.  Motion to Remand**

On June 24, 2005, Coachmen filed its Motion to Remand.  Coachmen does not dispute either that the complete diversity or the amount-in-controversy requirements are satisfied.  Instead,

Coachmen argues that remand is required because of two procedural defects in the removal: (1) the forum-defendant rule, and (2) the rule of unanimity.

### A.   Forum-Defendant Rule

A defendant may remove a case to federal court based on the diversity of the parties "only if none of the parties in interest <u>properly joined</u> and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).  For the purposes of this jurisdictional inquiry, the citizenship of an <u>improperly joined</u> defendant must be disregarded. <u>See</u> <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); <u>Badon v. R.J.R. Nabisco Inc.</u>, 224 F.3d 382, 389-90 (5th Cir. 2000).  Thus, a plaintiff cannot keep the case in state court by improperly joining an in-state defendant.  Here, Gulf Insurance argues that Defendant Watson, a Texas resident, was improperly joined.

One way in which a removing defendant (such as Gulf Insurance) may establish improper joinder is to show the "inability of the plaintiff to establish a cause of action against the [in-state] party in state court." <u>Smallwood</u>, 385 F.3d at 573 (quotation omitted).  In order to determine whether a plaintiff has established a cause of action against an in-state defendant, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the

complaint states a claim under state law against the in-state defendant." Id. (citation omitted).

Here, Gulf Insurance correctly notes that Coachmen's Original Petition fails to state a cause of action against Watson. Coachmen's Original Petition only seeks a declaration that Gulf Insurance must provide coverage for the claims made by the Brashears in their lawsuit against Coachmen; Coachmen seeks no affirmative relief from Watson. Watson, who apparently was Coachmen's attorney at the time, is alleged to have been the person through whom Coachmen provided Gulf Insurance "timely and proper notice" of the Brashears' lawsuit. (Orig. Pet'n for Declaratory J. at 2-3.) Coachmen does not allege, even in the alternative, that Watson failed to provide notice, provided deficient notice, or otherwise failed to carry out Coachmen's instructions.

In its Motion to Remand, Coachmen acknowledges that its Original Petition fails to state a cause of action against Watson. However, Coachmen argues that it does have a viable--although as yet unstated--cause of action for malpractice against Watson. Coachmen explains: "Due to liberal pleading and amendment rules in Texas state court and due to the urgency for the filing of the action, it was Plaintiff's decision to file the action and name Charles Watson as a co-defendant based upon his concentrated involvement in the factual underpinnings of the breach of insurance contract by Gulf and to thereafter separately name a second cause of action against Charles Watson for malpractice in the same

lawsuit." (Mot. to Remand at 2.) Coachmen did not move to amend the Original Petition prior to removal, and it has not yet moved to amend in this Court.

In Cavallini v. State Farm Mutual Auto Insurance Co., 44 F.3d 256 (5th Cir. 1995), the court considered a similar case involving an insured's lawsuit against both the insurer and the insurer's agent. The Fifth Circuit held that when the state court complaint did not contain allegations supporting a cause of action against the jurisdiction-defeating agent, the federal court cannot be divested of jurisdiction by a complaint amended post-removal which stated a new cause of action against the agent. See id. at 264-65. In so holding, the Fifth Circuit relied upon the rule that removal jurisdiction must be determined "on the basis of the claims in the state court complaint as it exists at the time of removal." Id. at 264 (emphasis added); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (same). "Without such a rule, disposition of the issue [of jurisdiction] would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved." Cavallini, 44 F.3d at 264.

In this case, regardless of whether Coachmen is able to amend its Original Petition to state a cognizable cause of action against Watson, the relevant inquiry is whether the Original Petition

stated a cause of action against Watson <u>at the time of removal</u>. Coachmen does not dispute that it did not. Therefore, Watson was improperly joined and his presence as a named party cannot be used to defeat removal. See <u>Smallwood</u>, 385 F.3d at 573; <u>Badon</u>, 224 F.3d at 389-90.

In accordance with this finding (and as announced at the initial pretrial conference conducted on July 8, 2005), Watson will be dismissed for failure to state a claim. This dismissal is without prejudice to Coachmen amending its Original Petition to state a cause of action against Watson, although any such post-removal amendment cannot defeat jurisdiction.

**B.   Rule of Unanimity**

Coachmen also argues that remand is warranted because Watson did not join in Gulf Insurance's Notice of Removal. <u>Cf.</u> <u>Farias v. Bexar County Mental Health Mental Retardation Servs.</u>, 925 F.2d 866, 871 (5th Cir. 1991) ("All defendants who are properly joined and served must join in the removal petition and ... failure to do so renders the petition defective.") (quotation omitted). The general rule that all defendants must join in the removal petition is known as the "rule of unanimity." <u>See, e.g.</u>, <u>Tedford v. Warner-Lambert Co.</u>, 327 F.3d 423, 428 n.15 (5th Cir. 2003). However, defendants who are improperly joined are not required to join in the removal petition. <u>See</u> <u>Jernigan v. Ashland Oil Co.</u>, 9889 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent

joinder of parties, however, application of this [unanimity] requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."). As discussed above, Watson was improperly joined, and therefore, he was not required to join in the Notice of Removal.

**IV. Conclusion**

For the reasons discussed above, Plaintiff's Motion to Remand is hereby DENIED. Defendant Charles Watson is hereby DISMISSED without prejudice.

SIGNED and ENTERED this 8th day of July, 2005.

_____
Janis Graham Jack
United States District Judge